UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Judith Tompson

  v.            Civil No. 17-cv-069-SM

David Fisher and
Fisher Financial Services, Inc.

**REPORT AND RECOMMENDATION**

  Pro se plaintiff, Judith Tompson, has filed a complaint (Doc. No. 1) asserting that defendant David Fisher, individually, and d/b/a Fisher Financial Services, Inc., is liable to her for damages.  The complaint is before this court for preliminary review.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**Preliminary Review Standard**

  The magistrate judge conducts a preliminary review of complaints like Tompson's, which are filed in forma pauperis. The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus,

551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Background

Tompson resides at Lancelot Court Condominiums ("Lancelot") in Salem, New Hampshire.  Fisher Financial Services, Inc. ("Fisher Financial") is a Massachusetts corporation that provides property management, billing, and payment processing services under contract with Lancelot.  David Fisher is the principal of Fisher Financial.  Tompson fell behind in paying the condominium assessments and late fees that were billed to her by Fisher Financial on Lancelot's behalf, and Tompson's dispute with Lancelot has been the subject of multiple cases in state and federal court, including this case.

I.   **State Court Litigation Relating to Lancelot**

In 2009, Lancelot sued Tompson in small claims court to collect assessments and fees that became overdue starting in 2008, see Lancelot Court Condo. Ass'n v. Thompson, No. 473-2009-SC-00217 (N.H. Cir. Ct., 10th Cir. Dist. Div., Salem) ("Lancelot I").  Lancelot prevailed, and the New Hampshire Supreme Court ("NHSC") dismissed Tompson's appeal.

Tompson remained in her condominium unit after she fell behind in her assessments and fees, and in February 2013, Tompson stopped paying Lancelot's bills altogether. David Fisher, on Lancelot's behalf, signed three memoranda of liens for unpaid condominium assessments and fees, which were recorded in the county registry of deeds in February and November 2014 and in November 2015. See Liens, Feb. 21, 2014; Nov. 20, 2014; Nov. 12, 2015 (Doc. No. 1-1, at 1, 3, 5).

Lancelot filed a second collection action against Tompson in Superior Court in Rockingham County in 2014 to recover assessments and fees that had accrued since January 1, 2010, see Lancelot Court Condo. Ass'n v. Tompson, No. 218-2014-cv-00220 (N.H. Super., Rockingham Cnty.) ("Lancelot II"). Lancelot prevailed again. Tompson appealed, and the NHSC affirmed. See Lancelot Court Condo. Ass'n v. Tompson, No. 2015-0252, 2016 WL 3475739, 2016 N.H. LEXIS 142 (N.H. Apr. 29, 2016).

The Superior Court issued a writ of execution on the judgment in Lancelot II in September 2016, see Doc. No. 1-1, at 14. A sheriff's sale of the condominium unit followed in December 2016. Lancelot acquired Tompson's unit at that sale, subject to Tompson's right of redemption. See Notice of Tenancy, Dec. 20, 2016 (Doc. No. 1-1, at 16). Lancelot issued Tompson a demand for rent, signed by Fisher, see id., after the

sheriff's sale.

Lancelot filed a third collection action, in 2015, to collect additional unpaid condominium assessments and attorney fees that had accrued prior to that sheriff's sale. See Lancelot Court Condo. Ass'n v. Tompson, No. 473-2015-cv-00131 (N.H. Cir. Ct., 10th Cir. Dist. Div., Salem, filed Dec. 1, 2015) ("Lancelot III"). Lancelot prevailed again on liability in that case, see Lancelot III (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem, Apr. 7, 2016), and the NHSC declined Tompson's interlocutory appeal of the liability determination, see Lancelot Court Condo. Ass'n v. Tompson, No. 2016-0512 (N.H. Oct. 13, 2016).

## II.  **Federal Litigation Relating to Lancelot**

This is the third federal case Tompson has filed relating to Lancelot and Fisher Financial's bills for Lancelot's assessments and fees. Lancelot was the defendant in the two prior cases. See Tompson v. Lancelot Court Condo. Ass'n, No. 16-cv-215-JD (D.N.H.) ("Tompson I"); Tompson v. Lancelot Court Condo. Ass'n, No. 16-cv-488-JL (D.N.H.) ("Tompson II"). Tompson I was dismissed in July 2016, pursuant to 28 U.S.C. § 1915(e)(2), and an appeal of that dismissal is pending in the First Circuit. See Tompson I, 2016 WL 3660313, at *2, 2016 U.S. Dist. LEXIS 86795, at *2-*6 (D.N.H. June 9, 2016) (ECF No. 3),

R&R adopted, 2016 WL 3661217, 2016 U.S. Dist. LEXIS 87564 (D.N.H. July 5, 2016) (ECF No. 5), appeal filed, No. 16-1999 (1st Cir., Aug. 2, 2016). A Report and Recommendation ("R&R"), recommending dismissal, has been issued in Tompson II, and that R&R awaits the district judge's ruling at this time. See R&R, Tompson II, No. 16-cv-488-JL (D.N.H. Mar. 16, 2017), ECF No. 3.[1]

## Claims

Tompson filed this action in February 2016, naming David Fisher, both individually and d/b/a Fisher Financial, as the defendant. Construed liberally, the complaint asserts the following claims against Fisher:

> 1. David Fisher signed and recorded liens listing the amounts due in a lump sum, without specifying the dates when the debts accrued, and without notifying plaintiff before recording the liens, rendering defendant liable to plaintiff for violations of:
>
>> A. the New Hampshire unfair debt collection statute, N.H. Rev. Stat. Ann. ("RSA") Ch. 358-C;
>>
>> B. the New Hampshire consumer protection act, RSA Ch. 358-A;

---

[1] On March 17, 2017, Tompson filed a fourth federal case relating to the condominium unit at issue here. In that case, Tompson seeks to enjoin a mortgage foreclosure sale on the condominium unit. See Tompson v. First E. Mortg. Corp., No. 17-cv-113-PB (D.N.H.). Judge Barbadoro has scheduled a hearing on plaintiff's motion to enjoin the foreclosure. A parallel state proceeding to enjoin the foreclosure is also pending in Superior Court in Rockingham County. See Tompson v. Randolph Bank, No. 218-2017-cv-200 (N.H. Super., Rockingham Cnty.).

    C.   the Massachusetts consumer protection act, Mass. Gen. L. Ch. 93A; and

    D.   the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, with respect to liens recorded in (i) February 2015, (ii) November 2014, and (iii) February 2014.

2.   Defendant is liable to plaintiff for negligence, in that:

    A.   Fisher did not provide plaintiff with proper notice of the sheriff's sale before demanding rent on Lancelot's behalf;

    B.   Fisher added late charges to assessments owed by Tompson in amounts not authorized by Lancelot's bylaws, thereby negligently misrepresenting the amounts due;

    C.   Fisher did not provide plaintiff with a demand letter or opportunity for a payment plan before Lancelot filed suit;

    D.   Fisher failed to send timely notices of arrearages to Tompson, in violation of Fisher's duties under its contract with Lancelot;

    F.   Fisher failed to credit fuel assistance payments to Tompson's account, thereby negligently misrepresenting the amounts due; and

    G.   Tompson's ability to obtain maintenance services to her condominium unit was cut off after February 2013, but Fisher continued to bill her for her unit's share of the cost of such services as part of the condominium assessment.

3.   Fisher is liable to Tompson for violations of the New Hampshire Condominium Act, for signing and recording liens that did not comply with RSA § 346-B:46(III), in (i) February 2015, (ii) November 2014, and (iii) February 2014.

4.   Fisher is liable to Tompson for violations of the Uniform Commercial Code ("UCC"), relating to negotiable instruments, for applying Tompson's payments to her oldest

   arrearages and not to bills that had most recently accrued
   when she mailed in those payments.

   5.   The condominium unit is exempt from levy under the
   Internal Revenue Code, 26 U.S.C. § 6334(a)(13)(B)(i).

   6.   The liens recorded in 2014 and 2015 effected a taking
   of Tompson's property.

Tompson seeks damages and declaratory relief in this case. In particular, she seeks a judgment regarding Fisher's liability for "gross negligence" and "willful misconduct," for filing "wrongful liens and violating [state and] federal laws." Compl. (Doc. No. 1), at 17.

## Discussion

### I.   Federal Fair Debt Collection Practices Act

The federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), provides that actions to enforce any liability under the Act may be brought in federal court "within one year from the date on which the violation occurs." Plaintiff alleges claims arising from liens which she alleges were signed and recorded in February 2014, November 2014, and November 2015. The complaint includes as an attachment a transcript from the Lancelot II jury trial which reveals that plaintiff was aware of the February 2014 lien at the time of the February 2015 trial. Plaintiff filed this action in February 2017. The federal debt collection practices act claim relating to the February 2014

7

lien is time-barred, and Claim 1(D)(iii) should be dismissed.

## II. Homestead Exemption, 26 U.S.C. § 6334(a)(13)(B)

Plaintiff requests that this court issue a declaratory judgment regarding her entitlement to a homestead exemption for her principal residence under the Internal Revenue Code.  This court does not issue advisory opinions.  As it does not appear that plaintiff is subject to any levy for federal taxes, the district judge should deny plaintiff's request for a declaratory judgment, regarding the applicability of 26 U.S.C. § 6334(a)(13)(B).  Claim 5 should be dismissed.

## III. Violations of RSA § 346-B:46(III) and the UCC

Plaintiff has no private right of action under the Condominium Act relating to whether Fisher properly prepared and perfected liens before recording them on Lancelot's behalf.  Furthermore, plaintiff's claims asserting violations of the UCC provisions relating to negotiable instruments do not state claims upon which relief can be granted in this case.  Accordingly, Claims 3 and 4 should be dismissed.

## IV. Takings Clause Claim

Plaintiff has alleged that her property has been taken without just compensation.  Specifically, she alleges, Fisher signed and recorded liens that she asserts did not comply with, and were not properly perfected under state law.  Fisher,

however, is not a state actor.  Plaintiff has failed to allege facts showing that any of her property was taken by state action, for the purposes of stating a claim under the Fifth Amendment.  Accordingly, Claim 6 should be dismissed.

**V.     Remaining Claims**

Without prejudice to defendant's ability to raise any proper grounds upon which the court may dismiss the remaining claims asserted by plaintiff, including collateral estoppel, the statute of limitations, the absence of any duty owed to plaintiff, and failure to state a claim, the court in the Order issued this date has directed service of the remaining claims identified in this Report and Recommendation upon defendant.

### Conclusion

For the foregoing reasons, the district judge should dismiss Claims 1(D)(iii), 3, 4, 5, and 6, and should deny plaintiff's request for a declaratory judgment regarding 26 U.S.C. § 6334(a)(13)(B).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno,

842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

March 23, 2017

cc: Judith Tompson, pro se