UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Judith Tompson,
      Plaintiff

   v.                                    Case No. 17-cv-069-SM
                                         Opinion No. 2019 DNH 012
David Fisher d/b/a
Fisher Financial Services, Inc.,
      Defendant

**O R D E R**

Pro se plaintiff, Judith Tompson, brings this action against David Fisher, d/b/a Fisher Financial Services ("Fisher"), seeking compensation for an array of alleged violations of state and federal law. At all relevant times, Fisher was acting as the duly authorized agent of the Lancelot Court Condominiums Association.

By prior order (document no. 11), the court dismissed several of Tompson's claims. What remain are her claims that, by recording three liens against Tompson's condominium unit for unpaid assessments, Fisher violated: (1) the federal Fair Debt Collection Practices Act; (2) the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act; (3) the New Hampshire Consumer Protection Act; and (4) the Massachusetts Consumer Protection Act. Tompson also alleges that, by

recording those liens against her unit, Fisher was negligent and breached various common law duties he owed to her.

Fisher now moves for summary judgment as to all of Tompson's remaining claims. That motion is granted.

**Background**

The factual backdrop to this case has been recounted many times, by numerous courts - both state and federal - including the magistrate judge in her Report and Recommendation (document no. 5). It need not be repeated. It is sufficient to note that Tompson lives in the Lancelot Court Condominiums, in Salem, New Hampshire. Fisher Financial Services is a Massachusetts corporation that provides property management, billing, and payment processing services under a contract with the Lancelot Court Condominiums Association.

Beginning in or around 2008, Tompson fell into arrears on her condominium assessments and fees. Over the course of about three years, Lancelot Court brought three separate collection actions against Tompson to recover those unpaid sums. Each time it prevailed. In one of those cases, Tompson brought claims against Fisher as a third-party defendant, in which she alleged many of the same (or related) claims to those advanced in this

2

action.  See "Counterclaim" in Lancelot Court Condominium v. Tompson. No. 218-2014-cv-220 (N.H. Sup. Ct.) (document no. 40-8).  In that case, the jury returned a verdict in favor of Lancelot Court and awarded it $17,000.  Subsequently, the trial court awarded the condominium association an additional $22,742.51 in costs and attorneys' fees.  See Order dated March 4, 2014 (document no. 40-9) (noting that the "barrage of motions filed by Tompson in what should have been a fairly straightforward dispute over unpaid condominium assessments" justified an award of fees that "would appear to be high given the size of the verdict and nature of the dispute").

During that same time period, attorneys for the condominium association prepared three "memoranda of lien" against Tompson's unit.  See generally N.H. Rev. Stat. Ann. 356-B:46 (providing that the "unit owners' association shall have a lien on every condominium unit for unpaid assessments" and stating that such liens may be perfected by recording a "memorandum of lien" in the appropriate registry of deeds).  Fisher, as the agent for the Lancelot Court Condominiums Association, signed and recorded those liens in the registry of deeds.  See Memoranda of Lien (documents no. 40-6, 40-10, and 40-11).[1]

---

[1]  During the trial, Tompson questioned Fisher about one of the liens in question.  Fisher testified that, "the attorneys

3

Substantial additional state and federal court litigation ensued involving a writ of execution, a sheriff's sale of Tompson's unit, the eventual foreclosure of the mortgage deed to Tompson's unit, and at least two efforts to evict her from that unit. But, those proceedings are not material to this action.

In this action, Tompson claims that Fisher violated various state and federal consumer protection statutes when, as the authorized agent of the condominium association, he signed and recorded the various liens prepared by the association's legal counsel. Tompson also claims that, in so doing, Fisher became liable to her for various acts of negligence.

**Discussion**

Judith Tompson is no ordinary pro se litigant. First, she is an attorney, apparently licensed to practice in Massachusetts. She is also a prolific filer of meritless claims. For example, in the last three years, Tompson has filed (or improvidently removed) at least eleven cases in (or to) this

---

[for the association] actually drafted it. The number on here, the amount that's due, comes from my office, but, you know, I have no idea how you go about drafting a memorandum of lien. . . . I'm not an attorney. I'm a CPA." Trial Transcript from Lancelot Court Condominium Association v. Tompson, No. 218-2014-cv-220 (document no. 54-28) at 87.

4

court alone.  Not one had any merit.  And, none advanced even a single claim that survived dismissal or summary judgment.[2]

Tompson has fared no better in state court.  During the same three year period, the New Hampshire Supreme Court has issued at least seven opinions in cases brought by, or appealed by, Tompson.  In none of those cases did she prevail.

While Tompson's opponents in each of those cases ultimately prevailed, it was not until after they were forced to expend substantial time, energy, and money vindicating their rights, defending themselves against meritless attacks, or seeking to have an improvidently removed action remanded to state court.

---

[2]  Three of Tompson's federal cases involved "appeals" of, or collateral attacks upon, her state court convictions for felony reckless conduct, resisting arrest, and disobeying a police officer.  See Tompson v. State of N.H., 15-cv-293-JL; Tompson v. Rockingham County Sheriff's Dept., 15-cv-471-LM; Tompson v. LeDuc, 17-cv-042-SM.  One involved a challenge to Tompson's elevated Medicaid deductible (due to her receipt of SSA benefits) on grounds that it discriminates against her on the basis of disability.  Tompson v. N.H. Dept. of Health and Human Service, 16-cv-168-JL.  And, at least seven cases in this court (including this one) have related in some way to Tompson's failure to pay her condominium assessments, the association's efforts to collect those assessments, and Tompson's eventual loss of title to her condominium unit to foreclosure.  See Tompson v. Lancelot Court Condo. Ass'n, 16-cv-215-JD; Tompson v. Lancelot Court Condo Ass'n, 16-cv-488-JL; Tompson v. First Eastern Mortgage Corp., 17-cv-113-PB; Thompson v. FNMA, 17-cv-699-SM; Tompson v. Madhu Gaddam, 18-cv-470-LM; Tompson v. Madhu Estates, LLC; 18-cv-555-PB.

5

Tompson's numerous meritless cases have also required both the state and federal courts to expend substantial resources to resolve them.

Although the various judges of this court have been patient with Tompson, they have also warned her that frivolous and/or vexatious litigation will not be tolerated. So, for example, the magistrate judge advised Tompson that she "should be aware that the federal court may sanction a party for filing vexatious litigation. The court will not wait to be inundated with frivolous actions, arising from the same, previously litigated matters, before issuing sanctions as necessary to prevent abuses. If future filings relating to the same or closely-related matters in the future are deemed to be vexatious, this court may issue an injunction restricting plaintiff's ability to file new cases in this court." Tompson v. Lancelot Court Condo. Assn, 16-cv-488-JL, Report and Recommendation (document no. 3) (citing Fed. R. Civ. P. 11(c)). Judge Barbadoro has counselled Tompson in a similar fashion. See Madhu Estates v. Tompson, 18-cv-555-PB ("Tompson is cautioned that vexatious removals are sanctionable . . . [and] this court will not hesitate to sanction Tompson if she removes another landlord-tenant action based on a frivolous or objectively unreasonable argument that

her counterclaims provide a basis for the court to exercise its removal jurisdiction.").

As was the case in each of Tompson's prior suits, the claims advanced in this proceeding cannot survive summary judgment. There is no evidence of record suggesting that Fisher's challenged conduct - the recordation of valid, statutorily-authorized liens against Tompson's unit - runs afoul of the requirements of the federal Fair Debt Collections Practices Act, New Hampshire's Unfair, Deceptive or Unreasonable Collection Practices Act, the New Hampshire Consumer Protection Act, or the Massachusetts Consumer Protection Act. As for Tompson's negligence claims, she has failed to show that Fisher breached any duty of care owed her. Moreover, because it appears that Tompson's claims were (or could have been) fully litigated in earlier state court proceedings, it is likely that she is precluded from relitigating them in this forum. See Tompson's "counterclaims" in Lancelot Court Condominium v. Tompson, no. 218-2014-cv-220 (N.H. Sup. Ct.) (document no. 40-8) (advancing claims of negligence and statutory violations against Fisher relating to the recordation of liens against her condominium unit). See also Tompson's complaint in Tompson v. Lancelot Court Condo. Ass'n, 16-cv-488-JL (asserting that the recordation of "non-conforming property liens for alleged

default of condo fee payments" violates state law and "constitutes a taking under the fifth amendment.") See generally In re Alfred P., 126 N.H. 628, 629 (1985) (discussing the doctrines of res judicata and collateral estoppel).

Parenthetically, the court notes that it is unclear whether Fisher is even a proper defendant for many, if not all, of Tompson's claims. Fisher did not prepare the liens at issue, nor was any recorded in his name or for his benefit. Rather, each was "in the name of the Association for unpaid condominium assessments and dues." Moreover, Fisher executed each of those liens as the disclosed "duly authorized" agent of the Lancelot Court Condominiums Association. That is to say, he was undeniably acting as the authorized agent of a disclosed principal. But, because neither party has briefed the issue, the court need not resolve whether the association's authorized agent can be held personally liable for alleged statutory violations arising from the recordation of the liens at issue. See generally Bald v. PCPA, LLC, 2016 WL 1587227, 2016 DNH 081 (D.N.H. April 19, 2016) (discussing general principles that limit personal liability of an authorized agent acting on behalf of a disclosed principal).

**Conclusion**

In a relatively short period of time, Judith Tompson has become one of this court's most prolific filers of meritless claims. Of course, the court cannot rule out the possibility that she may, one day, have a viable cause of action to pursue in this forum. But, if "what's past is prologue," that seems unlikely - particularly given her apparent unwillingness to accept the finality of the numerous state court decisions ruling against her or the implications of res judicata, collateral estoppel, and the Rooker-Feldman doctrine.

This much is clear, however: all of Tompson's claims arising out of her failure to pay condominium assessments, liens against her unit, the foreclosure of the mortgage deed to that unit, and the efforts to evict her from that unit appear to have been fully, fairly, and finally resolved. As an attorney, she is presumed to understand the implications of those final resolutions and the preclusive effect they have on future filings. She is also presumed to understand that this court does not act as an appellate court with respect to state court decisions. Any future claims filed in this court and arising out of the same or related facts will be resolved summarily. If necessary, the court will consider whether it is appropriate to

restrict Tompson's ability to file such cases.  It will also impose appropriate costs and fees.

For the foregoing reasons, as well as those set forth in defendant's legal memoranda, the record reveals that there are no genuinely disputed material facts and that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment (document no. 40) is granted.  The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

                                                    _____
                                                    Steven J. McAuliffe
                                                    United States District Judge

January 15, 2019

cc:  Judith Tompson, pro se
     Kenneth B. Walton, Esq.
     Elena M. Brander, Esq.